IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-32618-7 |
| | § | |
| AFLOA, LLC, | § | |
| *Debtors* | § | |

**FIRST AND FINAL APPLICATION FOR FEES AND EXPENSES OF THE TOWBER LAW FIRM PLLC, GENERAL COUNSEL TO ALLISON D. BYMAN, CHAPTER 7 TRUSTEE**

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE APPLICATION MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THE COURT HAS SET A HEARING ON THIS APPLICATION FOR SEPTEMBER 16, 2025 AT 1:30 PM IN COURTROOM 403, UNITED STATES COURTHOUSE, 515 RUSK, 4TH FLOOR, HOUSTON, TEXAS 77002.**

TO THE HONORABLE JEFFREY NORMAN
UNITED STATES BANKRUPTCY JUDGE:

The Towber Law Firm PLLC ("Applicant" or "TLF"), court appointed counsel for the Chapter 7 Trustee, Allison D. Byman ("Trustee"), hereby seeks a final award of compensation of fees and expenses, pursuant to 11 U.S.C. § 330, and respectfully represents:

1. **AFLOA,** LLC (the "**Debtor**") filed for chapter 7 bankruptcy relief on June 3, 2024. Allison D. Byman was appointed as chapter 7 trustee to administer the assets of the Debtor's bankruptcy estate.

1

2. TLF is a law firm composed of one attorney duly licensed to practice law before the courts of the States of Texas and New York and the United States District Courts for the Southern District of Texas, and Southern and Eastern Districts of New York. Mr. Towber has been practicing bankruptcy law for over 35 years during which time he has handled all facets of bankruptcy issues and cases.

3. The Trustee engaged TLF to serve as his general counsel in this Chapter 7 case to analyze and draft pleadings relating to recovery of property of the estate, insider transactions and third party deadlines, avoidance actions and to review and object to claims, if necessary. This Court approved such retention, effective July 26, 2024, by order entered September 24, 2024 [Docket No. 20], which is attached as **Exhibit "A"** hereto and incorporated herein for all purposes. TLF performed legal services for the Trustee, rendered pursuant to the Court's authorization and the Trustee's request. All of the services rendered by TLF were performed for and on behalf of the Trustee and the bankruptcy estate, and not on behalf of any creditor, or other person.

4. TLF has made the required disclosures provided by law, and has not received any payment for services in connection with this proceeding to date, and has no agreement or understanding with any other person with respect to sharing the compensation to be allowed Applicant for services rendered in this proceeding.

5. Through August 6, 2025, TLF has incurred $21,000.00 in fees which constitutes 56 hours at $375.00 per hour and estimated expenses of $88.78.

6. TLF seeks payment of this amount which includes 3.1 hours to cover the time spent in preparing this fee application and projected expenses of $80.00 for copies and postage costs of serving this fee application. The total amount which remains unpaid to TLF, which includes the time spent in preparing this fee application is $21,088.78.

7. The attorney's fees and expenses incurred were generated by Preston T. Towber ("PTT"), sole member of the Towber Law Firm PLLC at $375 per hour. Attached hereto as Exhibit "B" and incorporated herein for all purposes is an itemization of the fees and expenses (redacted) incurred from the retention of Applicant on July 26, 2024 through August 6, 2025. All expenses for in-office copies are calculated at $0.10 per page.

8. This final application seeks approval of the legal fees and expenses incurred by The Towber Law Firm PLLC, on behalf of the Trustee from July 26, 2024 through August 6, 2025 (the "Subject Period") of 56 hours or $21,000.00, plus expenses of $88.78, which includes the fees and expenses projected to be incurred in preparing this fee application request in the total amount of $1,162.50, as more fully described hereinbelow. The total amount sought to be approved as a final award of fees and expenses and paid is $21,088.78.

9. Analysis of the twelve factors affecting the reasonableness of attorneys' fees as set forth in *In the Matter of First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), *cert. denied*, 97 S.Ct. 1696 (1977), aids the Court's determination of matters affecting compensation.

    a. <u>Time and labor required</u>. The total number of hours spent by Applicant in its representation of the Trustee during the Subject Period, is set forth in **Exhibit "B"**. Applicant has devoted the time necessary to efficiently attend to the procedures, correspondence, and pleadings involved in this proceeding. The fees and expenses sought were actual and necessary to represent the Trustee in this case.

    b. <u>Novelty and difficulty of the questions</u>. The questions presented by this case are not necessarily novel or difficult except that the numerous entities affiliated with Debtor and/or his spouse were complex and required extensive analysis to trace assets that could be property of the estate.

c.      <u>Skill requisite to perform the legal service properly</u>.  Applicant believes that it has superior skills and expertise in bankruptcy matters having practiced in the area of bankruptcy law for over 35 years. The issues involved in the case have been efficiently handled by the Applicant as evidenced by the redacted itemized list of services attached hereto as **Exhibit "B."**

d.      <u>Preclusion of other employment by the attorney due to acceptance of the case</u>.  Applicant was precluded from engaging in other employment to the extent of the hours in this case.

e.      <u>Customary fee</u>.  The fees charged are less than the customary and usual fees charged by Applicant and similar firms in the Houston geographical area for the services rendered by the attorneys involved. Applicant has agreed to charge $375.00 an hour, which is well within the range of reasonableness for an attorney with the experience of Mr. Towber.

f.      <u>Contingent nature of fee</u>.  This factor is applicable because the ability to be compensated for professional fees provided to a trustee is dependent on the recovery or liquidation of assets which have equity to the estate.

g.      <u>Time limitations imposed by the client or other circumstances</u>.  There were no time limitations in this case.

h.      <u>Experience, reputation, and ability of attorneys</u>.  Applicant submits that it is a well-recognized and respected attorney and firm in the community for its legal expertise and abilities in bankruptcy and commercial litigation matters.

i.      <u>Undesirability of the case</u>.  This was not a factor in this case.

j. <u>Nature, length, and professional relationship with the client</u>.  Applicant has represented, and is currently representing, Allison D. Byman in several other trustee cases in this Court.

k. <u>Awards in similar cases</u>.  Applicant relies on the Court's experience and knowledge with respect to fee awards in similar cases and submit that the fees requested in this Application are comparable to those in cases similar in subject matter.

l. <u>Results obtained</u>.  This case is related to the Nabeelco, Chapter 7 case and had many of the same issues. The first issue was negotiating a split where the bankruptcy estate and unsecured creditors would share in any recoveries because Amerant Bank alleged a lien on substantially all of the assets of Debtor. The second issue was the complex entity structures and difficulty in obtaining documents from Debtor and his entities to determine claims and causes of action. This entailed time spent reviewing numerous document dumps by Debtor and attending 341 meetings to ask questions to develop the case for the bankruptcy estate. The third was the issues between Amerant and the bankruptcy estate on ownership of claims. Finally, the negotiation and settlement of the claims enabled the bankruptcy estate to receive substantial funds through the court approved settlement.

Applicant assisted the Trustee in reviewing documents, attending numerous 341 meetings and Rule 2004 examinations, negotiating terms with major lender, Amerant Bank, turnover of funds of the bankruptcy estate held by numerous banks and related issues, analyzed causes of action for estate, drafted 9019 with Amerant Bank, reviewed removed adversary proceeding to ascertain claims owned by bankruptcy estate, negotiated complex settlement with Bank, Debtor, Debtor's spouse and related entities;

drafted compromise pleadings, order and judgment, reviewed claims and objected to claim of Bayman, drafted this fee application and attachments.

As a result of Applicant's assistance of the Trustee, the bankruptcy estate recovered substantial funds in the amount of $621,875.00 for distribution according to the priorities set forth in the Bankruptcy Code, with funds reserved for payment of the Trustee's fees and her professionals in the case. There will be funds to distribute to unsecured creditors of the estate.

11. Applicant has listed the reasonable time and expense incurred in this case through August 6, 2025.

12. Applicant submits that the foregoing services rendered on behalf of, and at the request of, the Trustee were actual, necessary and reasonable and fully warrants the fee requested by this application pursuant to the twelve factors identified for use by the Court in *First Colonial*, *supra*. Therefore, Applicant's Application is just and should be granted in its entirety.

## PREPARATION OF APPLICATION

13. Under the Fifth Circuit decision of *In re First Colonial Corporation of America*, 544 F.2d 1291 (5th Cir.), *cert. denied* 97 S.Ct. 1696 (1977), and subsequent Fifth Circuit decisions detailed applications for compensation are mandated. In 1980, in *Rose Pass Mines v. Howard*, 615 F.2d 1088, the Fifth Circuit condoned the practice of compensating counsel for its efforts in providing the courts and creditors with the required applications. Applicant has prepared and filed this final fee application for which it seeks final compensation and payment for 3.1 hours or $1,162.50, plus expenses estimated at $80.00 for copy costs and postage(utilizing outside service and based upon cost of service of sales motion). This sum is a reasonable and reimbursable expense for preparation of the fee application.

WHEREFORE, the Towber Law Firm PLLC respectfully requests that the Court approve this final application for compensation for fees and expenses as set forth above pursuant to § 330 of the Bankruptcy Code as reasonable, actual and necessary for the reasons set forth herein and for such other and further relief as the Court deems just.

Dated: August 6, 2025.

Respectfully submitted,

/s/ Preston T. Towber
Preston T. Towber
State Bar No. 20152600; Fed ID No. 8217
The Towber Law Firm P.L.L.C.
1111 Heights Blvd.
Houston, Texas 77008
(832) 485-3555  Telephone
Email:preston@towberlaw.com
Attorney in Charge for Allison D. Byman, Chapter 7 Trustee

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Final Application for Compensation for Fees and Expenses Pursuant to section 330 was sent to all persons listed on the attached service list either electronically by the Court or by First Class U.S. mail on this 6th day of August 2025.

/s/ Preston T. Towber

```
Label Matrix for local noticing          AFLOA, LLC                                 
0541-4                                    8208 Westpark Dr., #B                     
Case 24-32618                             Houston, TX 77063-6318                    
Southern District of Texas                                                          
Houston                                                                             
Wed Aug  6 10:59:21 CDT 2025                                                        

Amerant Bank, N.A.                        David Bayman                              Jarett T. LaRochelle
c/o Henry Kollenberg/Alex Cohn            c/o Brian S. Humphrey II                  1600 Main Street, #817
1401 McKinney, Suite 1700                 Humphrey Law PLLC                         Seabrook, TX 77586-3595
Houston TX 77010-4037                     700 Louisiana St., Ste. 3950              
                                          Houston, TX 77002-2859                    


(p)PLAINSCAPITAL BANK                     US Trustee                                
ATTN BANKRUPTCY DEPT                      Office of the US Trustee                  
PO BOX 660                                515 Rusk Ave                              
EDINBURG TX 78540-0660                    Ste 3516                                  
                                          Houston, TX 77002-2604                    


David E Bott CPA                          PlainsCapital Bank Bankruptcy Department  Richard L Fuqua II
KenWood & Associates PC                   PlainsCapital Bank                        Fuqua & Associates, PC
One Sugar Creek Center Blvd               PO Box 660                                8558 Katy Freeway
Suite 300                                 Edinburg, TX 78540-0660                   Suite 119
Sugar Land, TX 77478-3540                                                           Houston, TX 77024-1809
```

Michael J. Durrschmidt
Kim E. Lewinski
Hirsch & Westheimer, P.C.
1415 Louisiana, 36th Floor
Houston, Texas 77002